IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN GAULDEN,

        Plaintiff,               No. CIV S-09-899 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.          ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

/////

/////

/////

/////

1  I.  Factual and Procedural Background

2              In a decision dated May 21, 2008, the ALJ determined plaintiff was not disabled.[1]

3  The ALJ's decision became the final decision of the Commissioner when the Appeals Council

4  denied plaintiff's request for review.  The ALJ found plaintiff has a severe impairment of bipolar

5  disorder but this impairment does not meet or medically equal a listed impairment; plaintiff has

6  the residual functional capacity to perform simple unskilled work; plaintiff is not totally credible;

7  plaintiff can perform her past relevant work as a laundry worker; and plaintiff is not disabled.

8  Administrative Transcript ("AT") 19-23.  Among other claims of error, plaintiff contends the

9  /////

10  _____

11       [1] Disability Insurance Benefits are paid to disabled persons who have contributed to the
Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid
12  to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability
is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a
13  medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) &
1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R.
14  §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The
following summarizes the sequential evaluation:
15
            Step one:  Is the claimant engaging in substantial gainful
16  activity?  If so, the claimant is found not disabled.  If not, proceed
to step two.
17            Step two:  Does the claimant have a "severe" impairment?
If so, proceed to step three.  If not, then a finding of not disabled is
18  appropriate.
            Step three:  Does the claimant's impairment or combination
19  of impairments meet or equal an impairment listed in 20 C.F.R., Pt.
404, Subpt. P, App.1?  If so, the claimant is automatically
20  determined disabled.  If not, proceed to step four.
            Step four:  Is the claimant capable of performing his past
21  work?  If so, the claimant is not disabled.  If not, proceed to step
five.
22            Step five:  Does the claimant have the residual functional
capacity to perform any other work?  If so, the claimant is not
23  disabled.  If not, the claimant is disabled.

24  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

25       The claimant bears the burden of proof in the first four steps of the sequential evaluation
process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
26  evaluation process proceeds to step five.  Id.

1  ALJ should have obtained a consultative psychiatric examination.  This claim is dispositive and

2  requires remand of this action.[2]

3  II.  Standard of Review

4        The court reviews the Commissioner's decision to determine whether (1) it is

5  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

6  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

7  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

8  Substantial evidence means more than a mere scintilla of evidence, but less than a

9  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

10  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

11  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

12  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

13  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

14  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

15  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

16  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

17  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

18  substantial evidence supports the administrative findings, or if there is conflicting evidence

19  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

20  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

21  /////

22

23      [2]  On remand, at step two of the sequential analysis, the ALJ must include all impairments
    that are severe.  With respect to credibility issues, the ALJ must set forth clear and convincing
24  reasons for rejecting plaintiff's testimony and must provide reasons germane to each witness if
    laywitness testimony is discounted.  At step five, vocational testimony is not required if
25  plaintiff's past relevant work requires a reasoning level of two and plaintiff is limited to simple,
    unskilled work.  See Abrew v. Astrue, 303 Fed. Appx. 567, 569-70 (9th Cir. 2008); see also Lara
26  v. Astrue 305 Fed. Appx. 324 (9th Cir. 2008).

1   improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

2   1335, 1338 (9th Cir. 1988).

3   III.  Analysis

4           Plaintiff contends the ALJ failed to properly develop the record by failing to

5   obtain a consultative psychiatric examination.  Disability hearings are not adversarial.  See

6   DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251,

7   255 (9th Cir. 1996) (ALJ has duty to develop the record even when claimant is represented).

8   Evidence raising an issue requiring the ALJ to investigate further depends on the case.

9   Generally, there must be some objective evidence suggesting a condition that could have a

10  material impact on the disability decision.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.

11  1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir.

12  1991).  "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'"

13  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288).

14          A consultative examination is appropriate when the medical evidence is

15  incomplete or unclear and undermines the ability to resolve the disability issue. 20 C.F.R.

16  §§ 416.917, 416.919a.  Ordering a consultative examination ordinarily is discretionary; it is

17  required only when necessary to resolve the disability issue.  See Armstrong v. Commissioner of

18  Social Security, 160 F.3d 587, 589-90 (9th Cir.1998) (where record unclear as to determinative

19  issue, ALJ committed reversible error by deciding issue without consulting medical expert).

20          In this case, no consultative mental health examination was performed.

21  Defendant contends error should not be ascribed to the ALJ for failure to order a consultative

22  examination because the agency ordered two consultative psychiatric examinations and plaintiff

23  failed to appear for them.  See AT 326 (state agency physicians noted in assessments on February

24  15, 2007 and March 6, 2007 that plaintiff missed earlier "initial" consultative psych exams).  The

25  record indicates, however, that the reason plaintiff failed to appear for the examinations was

26  because she was incarcerated at the time of the scheduled appointments.  AT 288 (at doctor's

4

1   visit on August 17, 2006, plaintiff stated she was recently incarcerated); AT 147 (in May 2006,

2   plaintiff's cousin called agency to report plaintiff was in jail for at least 90 days; DDS contacted

3   jail and was told jail would not release plaintiff for consultative examination; DDS reported it did

4   not have any consultants that would go to the jail to conduct examination); AT 149 (in

5   September 2005, DDS determined psychiatric consultative examination required but plaintiff "no

6   showed," cousin called to report plaintiff in jail).

7           Defendant also contends the record is not ambiguous regarding plaintiff's mental

8   health status and there was sufficient evidence to find plaintiff not disabled based on the

9   assessment of the nonexamining state agency psychiatrist who found in March 2007 that plaintiff

10  retained the residual functional capacity to perform simple tasks.  AT 313.  Upon review of the

11  entire record, the court finds further development of the record was necessary.  In June 2006, the

12  state agency found there was insufficient evidence in the record to make an assessment of

13  plaintiff's mental impairments.  AT 266.  The case analysis by the state agency in March 2007

14  queried whether there was still insufficient evidence to make a mental assessment, but the state

15  agency psychiatrist reviewing the submitted medical evidence determined the evidence was

16  sufficient and also, as noted, that plaintiff retained the residual functional capacity to perform

17  simple tasks.  AT 313, 324, 326.  In finding plaintiff not disabled, the ALJ relied on the state

18  agency's June 2006 assessment.  AT 22, 266.  However, the records post-dating the agency

19  determination that indicate plaintiff may have been suffering a deteriorating mental condition

20  were not available to the state agency psychiatrist.  AT 329 (in July 2007, plaintiff not doing

21  well, paranoid, anxious, nervous, unable to sleep), 327 (in January 2008, plaintiff obsessing,

22  feeling down, complaining of anhedonia, lack of motivation), 362 (for reporting period from

23  April 2007 to March 2008, therapist noted that since February 2008, plaintiff experienced

24  increasing symptoms of depression including insomnia, fatigue, feelings of worthlessness,

25

26

difficulty concentrating, forgetfulness, daily depressed mood, and recurrent thoughts of death).[3] This objective evidence creates an ambiguity and indicates further development to explore plaintiff's mental status was necessary to resolve the disability issue and to determine if there was a later onset date than alleged by plaintiff.  A consultative examination was required under these circumstances.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment is denied;

2.  The Commissioner's cross-motion for summary judgment is denied; and

3.  This matter is remanded for further proceedings consistent with this order.

DATED:  September 30, 2010.

_____
U.S. MAGISTRATE JUDGE

006
gaulden.ss

---

[3]  Although it is within the province of the ALJ to reject the opinion of plaintiff's treating behavioral therapist regarding plaintiff's GAF, an ALJ cannot disregard the clinical findings, as the ALJ did here.  AT 22.